In Re:  Gary LaRose and Tonette Pratt          )          Case No.  09-10222
                              Debtor(s)          )          Chapter 13

## Second Amended Chapter 13 Plan

**NOW COME**, the Debtor(s), by and through their attorney, Kathleen Walls, Esq., hereby propose the following Chapter 13 Plan:

1.   **Payment Summary**

| | |
|---|---:|
| Plan Term | 60 |
| Monthly Plan Payment | 661.33 |
| Total to be Paid to the Chapter 13 Trustee | 39,680.08 |
| Total to be Paid to Priority Claims | 14,384.00 |
| Total Principal to be Paid to Secured Claims | 18,983.95 |
| Total Interest to be Paid to Secured Claims | 1,796.85 |
| Trustee's Percentage Fee | 3,517.28 |
| Total to be Paid to Unsecured Creditors | 0 |
| Percentage to Unsecured Creditors | 0 |

2.   Disbursements to Creditors:

   a.   Priority Claims
      1.   Kathleen Walls shall be paid **$3,000.00** in 8 installments of 375.00 each prior to any other claims being paid.
      2.   The Vermont Department of Taxes shall be paid its priority claim of **$491.00** in full over the life of the plan.
      3.   The IRS shall receive it's priority claim of 10,893.00 in full over the life of the plan.
      4.   Jan Sensenich shall receive 10% of all funds to be paid through the plan, or **3,6,07.28.**

   b.   **Secured Claims**: Secured claimants shall retain their liens on the collateral until the claims are paid in full.

| Creditor | Collateral | Value | Arrears/Claim | % | Interest | Total |
|---|---|---|---|---|---|---|
| Chittenden Bank | Silverado | 9,500.00 | 8,464.48 | 4 | 880.25 | **9348.73** |
| Chittenden Bank | Grand Am | 5,625.00 | 5,823.49 | 4 | 611.63 | **6439.12** |
| Town of Bristol** | Home | 151,200.00 | 2,904.70 | 4 | 304.97 | **3,209.67** |
| Chase Home Finance | Home | 151,200.00 | 1,791.28 | | | **1,791.28** |
| Citi Residential Lending | Home | 151,200.00 | 900.00 | | | **900.00** |
| | | | | | | **21688.8** |

** The payment to the Town of Bristol includes the April 2009 installment.
The Debtors shall make regular monthly payments of $257.05 to Deere & Company on account of it's secured claim until the account is paid in full.

The Debtor intends to surrender the following collateral:
Creditor                              Collateral

1

    c.    Unsecured Claims: Allowed, non-priority unsecured claims shall be paid a total dividend of **$0** to be distributed pro-rata. In the event that the creditors in this case file claims in the amounts scheduled in the petition, and those claims are allowed for the scheduled amounts, the percentage dividend will be approximately %. In the event that the total of the allowed claims are less than the total of the scheduled claims the actual percentage dividend will be higher. In the event that the allowed claims are greater than the scheduled amounts the actual dividend will be lower. In order to determine the actual amount of the percentage dividend to be paid to unsecured creditors, you may contact the Chapter 13 Trustee after the claims bar date in this case has passed.

4. The Debtors hereby assume all leases and contracts.

5. **LIEN RELEASE**: To the extent that the Secured Creditor's claim has been paid in full in accordance with 11 U.S.C. §1325 (a)(5)(B) during the pendency of this case, the creditor holding such claim shall promptly mark any lien securing such claim as satisfied in the appropriate public records and return any certificate of title to the Debtor.

6. **MORTGAGE STATUS**:

    Upon the signing of the confirmation order in this case, the Mortgage(s) shall be deemed current with the exception of the amounts being paid herein, and the lender(s) shall accept payments according to the terms of the promissory note(s).

7. **MORTGAGE PAYMENTS AND STATEMENTS**:

    The Debtors shall make regular monthly mortgage payments outside the plan and the lenders shall continue to send the Debtors regular monthly statements as well as any annual statements that the Debtors are entitled to as a regular course in Compliance with Standing Order #07-07. The lenders shall also permit the Debtors to have access to the account as if this bankruptcy had not been filed. The statement provided shall be accurate and reflect all payments due and owing post petition. No other fees costs or amounts incurred by the creditor or servicer during this chapter 13 case and asserted to be due on the Debtor's account may be collected or charged to the Debtors during the case or after entry of discharge except as permitted by this plan or by the Court after notice and a hearing.

    Payments received by the creditor from the Debtor shall be applied and credited to the Debtor's mortgage account as if the account were current and no pre-petition default existed on the petition date in the order of priority specified in the note and security agreement. If these post-petition installment payments are made in a timely manner in accordance with the note, they shall be applied and credited without penalty.

8. **RESERVATION OF RIGHT TO SURRENDER COLLATERAL**: The Debtors hereby reserve the right to surrender any collateral after confirmation which is secured by any claim for which a proof of claim was filed in this case. Any such claim shall be reduced by the value of the collateral being surrendered., and shall thereafter treated as an unsecured claim.

9. Confirmation of this plan shall constitute a finding in accordance with 11 U.S.C. § 1322 that there is cause for extending the plan beyond three years. Confirmation shall also constitute approval of such extension. Such extension is essential to the success of the plan. Without it the plan would fail and no claims would be paid in full.

10. The title to the property of the estate shall revest in the Debtors upon termination of this plan, and the Debtors shall have sole right to use and possession thereof during the pendency of this case.

11. Confirmation of this plan shall constitute a finding and order that due to the Debtors' low income, the trustee's fee should not exceed 10% of each monthly payment, even if that amount is less than $5.00 per month.

12. Upon completion of this plan, all debts listed in the Debtors' schedules or provided for by this plan, except those excepted by 11 U.S.C. § 1328(a) shall be discharged.

13. If prior to the expiration of term of this plan all filed claims entitled to payment under this plan are paid in full, this plan shall terminate on that date.

14. The Debtors and Trustee hereby reserve the right to object to any claim which is filed after confirmation of this Plan.

15. Liquidation analysis:

| Property of the estate | 384,175.48 |
| --- | --- |
| Secured claims | 223,920.49 |
| Exempt property | 252,015.69 |
| Non-exempt equity | 0 |
| Priority claims | 491.65 |
| Estimated Chapter 7 Administrative Expenses | 0 |
| Estimated allowed unsecured claims | 22,967.82 |
| Available to chapter 7 creditors | 0 |
| Estimated dividend to general unsecured creditors | 0 |

16. The term of this plan is consistent with the minimum commitment period required by the means test and B22C filed in this case.
17. The Debtor will be able to make all the payments required under the plan and comply with the terms of the plan.
18. The Debtor has filed this plan in good faith.
19. The Debtor will have filed all applicable State, Federal and Local tax returns by confirmation as required by 1308.

Dated at Middlebury, Vermont April 14, 2009.
/s/ Kathleen Walls
Kathleen Walls, Esq.
Attorney for the Debtors
P.O. Box 793
Middlebury, Vermont 05753
(802) 388-1156
Fax (802) 388-6801
Fed Bar ID No 000662250